# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1835 | **DATE** | 5/21/13 |
| **CASE TITLE** | Anthony Siciliano (#R-08722) vs. Chief Diane Hargraves, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at Centralia Correctional Center. However, summonses shall not issue at this time. Plaintiff's proposed complaint is dismissed without prejudice. Defendants Dart and Hargraves are dismissed as Defendants. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Diane Hargraves, Cermak Health Services Chief Physician; Dr. Kahn Marghoob, Cermak Health Services Physician; Lieutenant Tucker; Segeant Collins; Correctional Officer White; Nurse Jackie; and Cook County Sheriff Tom Dart violated Plaintiff's constitutional rights by subjecting him to deliberate indifference to a substantial risk of serious harm and to a serious medical condition when he was a pre-trial detainee at the Cook County Jail. More specifically, Plaintiff alleges that on October 6, 2011, Defendant Marghoob gave Plaintiff the wrong medication, resulting in an allergic reaction. Plaintiff alleges that Defendant Nurse Jackie gave him Tylenol when he complained about the allergic reaction and resulting sores and told him there was nothing else the doctor could do for him. He further alleges that Defendants Tucker, Collins, and White subjected him to deliberate indifference to a substantial risk of serious harm by telling other inmates that Plaintiff suffered from MRSA. With respect to Tom Dart and Chief Physician Hargraves, Plaintiff appears to be alleging that they are responsible in their supervisory capacities.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $15.06. The supervisor of inmate trust accounts at Centralia Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Centralia Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

| STATEMENT |
|---|

However, because Plaintiff has failed to state a claim for deliberate indifference to a serious medical condition, Plaintiff must submit an amended complaint . Failure to provide medical care for inmates constitutes an Eighth Amendment violation only when it evinces "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). Because these events occurred while the Plaintiff was a pretrial detainee, the Fourteenth Amendment applies, but "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). Deliberate indifference "is merely a synonym for intentional or criminally reckless conduct." *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A prison official violates the Eighth Amendment only when: (1) the injury is sufficiently serious as judged from an objective standpoint; and (2) the prison official must have a "sufficiently culpable state of mind . . . , [which is] deliberate indifference," to inmate health or safety in prison cases. *Estelle,* 429 U.S. at 97; *see also Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009).

Plaintiff alleges that he had an allergic reaction to the medication he was prescribed, but makes no allegation that any doctor or other medical personnel knew that he was allergic to the medication when it was prescribed. Under the facts Plaintiff has pleaded, there is no deliberate indifference. *See Pryor v. Pat,* Case No. 3:09-CV-472-TLS, 2010 U.S. Dist. LEXIS 116276, **13-14 (N.D. Ind. 2010) (Springman, J.); *citing Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). Accordingly, as pleaded, plaintiff has failed to state a claim against Defendants Marghoob. With respect to Nurse Jackie, Plaintiff alleges that when he complained about the effects of the allergic reaction (swelling and sores) she gave him Tylenol and sent him back to his cell. However, mere disagreement with a physician's treatment does not constitute an Eighth Amendment violation. *Estelle* at 105-06; *See also Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Consequently, Plaintiff's complaint, in its current iteration, does not state a claim against Nurse Jackie.

With respect to Defendants Tucker, Collin, and White, Plaintiff alleges that they told other detainees that Plaintiff was infected with MRSA and generally denied him medical treatment. Plaintiff seems to be alleging violation of his privacy rights, his right to adequate medical care, and exposure to danger at the hands of other detainees because of his illness. However, while Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc*., 536 F.3d 663, 667 (7th Cir. 2008), the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id*. at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Plaintiff is not required to satisfy a fact-pleading standard, but he must sufficiently plead to place Defendants on notice of the claims he is making against them, with sufficient factual allegations to satisfy the "plausibility" standard established under *Twombly, Iqbal,* and their progeny. Accordingly, Plaintiff must amend.

Finally, Plaintiff has failed to state a claim against Defendants Hargraves and Dart. Under the facts alleged, Defendants Dart and Hargraves played no part in Plaintiff's medical treatment (or lack thereof). Plaintiff seemingly makes his claim against these Defendants in their supervisory capacities. Plaintiff has alleged no facts suggesting Defendants Dart and Hargrave's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* Section 1983 creates

| STATEMENT |
|---|
| a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Consequently, Plaintiff has failed to state a claim for relief against Defendants Dart and Hargraves.<br><br>    For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. |